**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| IN RE ADMINISTRATIVE WARRANT OF:   )<br>  )<br>PACKERS SANITATION   )<br>SERVICES, INC., LTD.   )<br>515 W. 3rd Street   )<br>Grand Island, NE 68801   )<br>  )<br>  ) | **SEALED**<br><br>Case No.8:22MJ554<br><br>**SEALED** |

**APPLICATION FOR ADMINISTRATIVE**
**INSPECTION WARRANT UNDER THE**
**FAIR LABOR STANDARDS ACT OF 1938**

I, Shannon Rebolledo, Regional Enforcement Coordinator, Wage and Hour Division ("Wage and Hour"), United States Department of Labor, hereby apply for an administrative search warrant pursuant to Section 11(a) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act"), for the inspection, investigation and search of the following premise: 515 W. 3rd Street, Grand Island, Nebraska 68801, which is a Packers Sanitation Services, Inc., Ltd., which may also operate as or do business as Packers Sanitation Services, LLC, location in the District of Nebraska. The warrant is hereby sought based on the following facts and circumstances:

1. Packers Sanitation Services, Inc., Ltd., which may also operate as or do business as Packers Sanitation Services, LLC, ("PSSI") is a cleaning and sanitation company that provides contract work at meat processing facilities. This PSSI location at 515 W. 3rd Street, Grand Island, Nebraska is a workplace where it is believed that PSSI currently recruits and signs up employees

to work for PSSI at a meat processing facility located at 555 South Stuhr Road, Grand Island, NE 68801. The meat processing facility is owned and/or operated by JBS USA or one of its affiliates.

2. I previously applied and secured a warrant for a different PSSI location, 122 W. 3rd Street, Grand Island, Nebraska, 8:22MJ533 (122 W. 3rd Street), which has not yet been executed. Through surveillance, including as recently as today, I learned PSSI's recruitment and onboarding office has moved down the street to a new office location at 515 W. 3rd Street, Grand Island, Nebraska (515 W. 3rd Street).

3. The 122 W. 3rd Street location had a sign in the window indicating PSSI's new location was 515 W. 3rd Street. The last time we were at this location, there was still office equipment inside and a PSSI sign outside the street location. However, today, I learned through surveillance by Wage and Hour that this location is being remodeled and does not appear to have office equipment or be a PSSI location anymore.

4. Based on the foregoing information, the 515 W. 3rd Street location is believed to be the current location where PSSI onboards employees to work at the meat processing facility. The 515 W. 3rd Street location may have employment and employee and worker records relevant to the investigation into FLSA violations at PSSI, including records relating to the employment of minors at the meat processing facility in Grand Island, Nebraska.

5. The authority for issuance of the administrative search warrant is section 11(a) of the Act. *See also Marshall v. Barlow's Inc.*, 436 U.S. 307 (1978). The Act expressly authorizes the government to "enter and inspect" businesses in order to conduct investigations:

> [t]he Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this

chapter, or which may aid in the enforcement of the provisions of this chapter.

29 U.S.C. § 211(a).

6. Wage and Hour is responsible for investigating businesses for compliance with the FLSA. Wage and Hour is permitted to investigate the employment of minors pursuant to Section 211(a) of the FLSA. 29 U.S.C. §§ 211(a), 212(b).

7. The information contained in this declaration is based on my training and experience, my personal knowledge and observations during the course of the investigation involving PSSI and information provided to me by other confidential sources. Because this declaration is submitted for the limited purpose of obtaining an inspection warrant, I have not included every fact of which I am aware.

8. I began as a Wage and Hour Investigator in May 2005. As an investigator, I conducted investigations of employers under the various laws that Wage and Hour is charged with enforcing, including the FLSA. In May 2010, I was promoted to Assistant District Director for Wage and Hour's Wichita Area Office, part of the Kansas City District Office, a position I held until July 2021, when I was promoted to Regional Enforcement Coordinator, ATV (Accountability Reviews, Training, and Virtual Call Center). I have been involved in hundreds of cases over the last 17 years, both as lead investigator and supervisor, that had child labor components to them. These include cases in which minors were injured or working outside the allowed hours or in excess of the maximum daily or weekly hours standard. I now regularly train new investigators on the child labor standards as part of our national training team.

9. The FLSA regulations at 29 C.F.R. Part 570 set forth specific limitations on the employment of minors. This includes hours standards, 29 C.F.R. § 570.35(a), and prohibitions on the employment of minors in certain hazardous occupations. 29 C.F.R. §§ 570.33, 570.51-570.68;

*see e.g.* 29 C.F.R. § 570.61(a), (a)(1), (a)(4) ("The following occupations in or about slaughtering and meat packing establishments, rendering plants, or wholesale, retail or service establishments are particularly hazardous for the employment of minors between 16 and 18 years of age or detrimental to their health or well-being…" including "occupations on the killing floor" and cleaning specified power-driven machines or attachments); 29 C.F.R. § 570.33(b) (hazardous occupations for 16 to 18 years old also oppressive child labor for minors 14 and 15 years old).

10. Wage and Hour initiated an investigation of PSSI in Grand Island, Nebraska under section 11(a) of the Act on August 24, 2022, to determine if PSSI was complying with the Act. I have been assisting in the investigation as a subject matter expert.

11. Prior to opening its investigation, Wage and Hour received a referral about possible child labor violations at PSSI in Grand Island, Nebraska from another law enforcement agency.

12. As part of Wage and Hour's current investigation of PSSI, I reviewed documents from confidential sources regarding at least three minor workers who formerly worked for PSSI at a beef production facility at 555 South Stuhr Rd., Grand Island, NE 68801 operated by JBS USA or its affiliates. I also reviewed a police report detailing a minor suffering injuries as a result of their work for PSSI. I spoke with a confidential source that alleged minors were working night shifts for PSSI and was provided information about a minor that is currently working at PSSI during the overnight shift. I also reviewed school records to confirm the ages of the minors. Based on these documents and sources, I believe PSSI is committing child labor violations of the FLSA.

13. I was previously involved in a 2015-2017 investigation of PSSI regarding its worksite in Liberal, Kansas. In that matter, it was suspected minors were working for PSSI in violation of the Act under false identification. During the investigation of PSSI's worksite in

Liberal, Kansas, PSSI failed to fully cooperate with our investigation and did not provide all records as requested.

14. Based on my knowledge and experience, I am also aware of employers who move or hide minor employees when Wage and Hour investigates potential child labor violations. This is especially common when the minors are under the legal age to work in that occupation and are without authorization to work.

15. Wage and Hour is requesting a warrant in anticipation of PSSI's refusal to allow Wage and Hour to make an inspection of this office location and to prevent the destruction or hiding of records. Based on my experience with other similar industries involved in potential child labor violations, I believe that if Wage and Hour contacts PSSI to ask for the records requested in this Warrant, PSSI may attempt to hide or destroy those records.

16. It is requested that the warrant authorize the inspection and investigation into compliance with and violations of the FLSA by PSSI, including specifically potential child labor violations. The Wage and Hour Investigators will investigate, review and gather data, including electronic data, documents, and records related to the employment of minors by PSSI and records of former and current individuals employed or working for PSSI, including temporary workers and independent contractors. These records may include, but are not limited to, pay and time records of PSSI workers and/or employees, identification documents and records reflecting the age of workers and employees of PSSI, tax records, PSSI corporate records, surveillance videos, and other records or documents as the investigators may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA.

17. The warrant applied for herein is sought to aid in the investigation of PSSI under the FLSA. The records Wage and Hour seeks to gather from PSSI are relevant to Wage and Hour's

investigation of PSSI and will provide information to assist with Wage and Hour's investigation into PSSI's compliance with the FLSA.

18. The investigation will be conducted by Wage and Hour Investigators, who are designees of the Administrator of the Wage and Hour Division of the Department of Labor (29 U.S.C. § 204), or duly authorized representatives. The investigation will be conducted during business hours of PSSI, including overnight shifts, or at other reasonable times, and may include the questioning privately of any employee or agent of PSSI and the taking of photographs and videos. The Wage and Hour Investigators' credentials will be presented, and the inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

*[signature]*

**Shannon Rebolledo**
Regional Enforcement Coordinator
Wage and Hour Division
U.S. Department of Labor

Subscribed and sworn to before me by telephone or other reliable electronic means on this **11th** day of **October**, 2022.

*[signature]*

**MICHAEL D. NELSON**
**United States Magistrate Judge**


Steven A. Russell
Acting United States Attorney
District of Nebraska


**/s Laurie A. Kelly**
Laurie A. Kelly, MA Bar #557575
Assistant U.S. Attorney
1620 Dodge Street
Suite 1400
Omaha, NE 68102
Tel.: (402) 661-3700
Fax: (402) 661-3081
Email: laurie.kelly@usdoj.gov


OF COUNSEL:

SEEMA NANDA
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

EVERT H. VAN WIJK
Associate Regional Solicitor

Laura M. O'Reilly
Trial Attorney

MO Bar #65294
KS Bar #25856
2300 Main Street, Suite 10100
Kansas City, MO 64108
(816) 285-7277
(816) 285-7287 (fax)
oreilly.laura.m@dol.gov

U.S. Department of Labor

Attorneys for Secretary of Labor